Matter of Piper S. (2018 NY Slip Op 01926)





Matter of Piper S.


2018 NY Slip Op 01926


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-12718
 (Docket Nos. N-16227-15, N-16229-15, V-7920-15, V-11795-15, V-11797-15, V-236-16, V-238-16)

[*1]In the Matter of Piper S. (Anonymous).
v
Westchester County Department of Social Services, petitioner-respondent,
Santiago S. (Anonymous),appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Minerva S. (Anonymous), petitioner- respondent,
v
Santiago S. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Stephen Kolnik, Yonkers, NY, for appellant in Proceeding Nos. 1 and 2.
John M. Nonna, County Attorney, White Plains, NY (James Castro-Blanco and Linda M. Trentacoste of counsel), for petitioner-respondent in Proceeding No. 1.



DECISION & ORDER
Appeal from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated September 23, 2016. The order, insofar as appealed from, directed the father to provide the health insurance card for the subject child to the Westchester County Department of Social Services.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The Westchester County Department of Social Services (hereinafter DSS) commenced this neglect proceeding pursuant to Family Court Act article 10 against the subject child's parents. Pursuant to an order dated April 1, 2016, the child was temporarily removed from the parents' custody and placed in the custody of the paternal grandmother. During a fact-finding hearing, the attorney for the paternal grandmother requested that the Family Court direct the father to provide the child's health insurance card. The court granted that request, and in an order dated September 23, 2016, the court directed the father to provide the child's health insurance card to DSS within 48 hours. The father appeals from that order.
Contrary to the father's contention, the Family Court did not err in directing him to provide the child's health insurance card to DSS so that it could be made available to the paternal grandmother, who had temporary custody of the child pending the outcome of the neglect proceeding. To the extent that the father is raising issues on this appeal which relate to a finding of contempt made by the court on November 4, 2016, those issues were not addressed in the order appealed from and, accordingly, those issues are not properly before this Court (see Matter of [*2]Newman v Newman, 72 AD3d 973, 973).
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court